**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| WILLIAM WALKER, Individually and For Others Similarly Situated<br><br>v.<br><br>AUDUBON COMPANIES, LLC, AUDUBON FIELD SOLUTIONS, LLC, and AUDUBON ENGINEERING COMPANY, L.P. | **Case No. 2:25-cv-00764-MPK**<br><br>Jury Trial Demanded<br><br>Rule 23 Class Action<br>FLSA Collective Action |

**WALKER'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'**
**MOTIONS TO DIMISS AND/OR TRANSFER VENUE**

Respectfully submitted,

**Michael A. Josephson**
PA Bar No. 308410
**Andrew W. Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
*(Pro hac vice applications forthcoming)*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
*(Pro hac vice applications forthcoming)*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**Joshua P. Geist**
PA ID No. 85745
**William F. Goodrich**
PA ID No. 30235
**GOODRICH & GEIST**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR WALKER AND THE DAY RATE WORKERS**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ......................................................................................................... **I**

**TABLE OF AUTHORITIES** .................................................................................................... **II**

   1.  Audubon is Subject to Personal Jurisdiction in Pennsylvania ....................................... 1

   1.  Section 5301 Doesn't Violate the Dormant Commerce Clause. ............................................ 2

   2.  Walker Provided Competent Evidence. ....................................................................................... 2

   3.  Walker Is Covered by the PMWA and WPCL. ........................................................................ 3

   4.  Walker Alleged a Contractual Obligation under WPCL ...................................................... 4

   5.  Venue Transfer is Not Warranted. ................................................................................................ 5

   6.  Audubon's Requested Alternative Relief is Not Appropriate at this Time. .......................... 5

   2.  Conclusion. ........................................................................................................................................... 5

TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................4
*Bauer v. Pottsville Area Emergency Med. Servs., Inc.*,
  758 A.2d 1265 (Pa. Super. Ct. 2000) ...................................................................................4
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................4
*BNSF Ry. Co. v. Tyrrell*,
  581 U.S. 402 (2017).............................................................................................................2
*Braun v. Wal-Mart Stores, Inc.*,
  24 A.3d 875 (Pa. Super. Ct. 2011)........................................................................................4
*Camber Spine Techs. v. Intermed Resources TN, LLC*,
  No. 22-3648, 2023 WL 5182597 (E.D. Pa. Aug. 11, 2023) ...............................................1
*Chouinard v. Perfection Snacks*,
  No. CV 22-3276, 2023 WL 4980939 (E.D. Pa. Aug. 3, 2023)............................................4
*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).......................................................................................................... 1, 2
*Eastland v. du Pont*,
  No. CIV. A. 96-2312, 1996 WL 421940 (E.D. Pa. July 23, 1996) ................................. 4, 5
*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ................................................................................................2
*Friedrich v. U.S. Computer Systems, Inc.*,
  1996 WL 32888 (E.D. Pa. Jan. 22, 1996)............................................................................4
*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ...................................................................................................5
*Mallory*,
  600 U.S..........................................................................................................................1, 2, 3
*Matthews v. BioTelemtry, Inc.*,
  No. CV 18-561, 2018 WL 3648228 (E.D. Pa. July 31, 2018) ............................................4
*McGoldrick v. TruePosition, Inc.*,
  623 F. Supp. 2d 619 (E.D. Pa. 2009)...................................................................................3
*Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co.*,
  243 U.S. 93 (1917)........................................................................................................... 1, 3
*Rodriguez de Quijas v. Shearson/American Express, Inc.*,
  490 U.S. 477(1989)...............................................................................................................1
*Thurlow v. Nat'l Inspection Servs., LLC*,
  No. 224-CV-01135-CCW, 2025 WL 408352 (W.D. Pa. Feb. 6, 2025) ......................... 1, 2

Statutes

28 U.S.C. § 1404(a) ..................................................................................................................5

1.  **AUDUBON IS SUBJECT TO PERSONAL JURISDICTION IN PENNSYLVANIA**

Just two years ago, the Supreme Court reaffirmed a foreign corporation consents to general jurisdiction by registering to do business in Pennsylvania and appointing an agent for service of process. *Mallory*, 600 U.S. at 134 (citing *Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917) and noting "*Pennsylvania Fire* controls this case."). Audubon nonetheless ignores consent-by-registration as an independent basis for personal jurisdiction and argues it is not subject to general jurisdiction, citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and Justice Barrett's dissent in *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023). Dkt. No. 14 at 7.

Whether Audubon considers *Mallory* binding (as it is) is of no consequence. "'If a precedent of this Court has direct application in a case,' as *Pennsylvania Fire* does here, a lower court 'should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.' *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484(1989). This is true even if the lower court thinks the precedent is in tension with 'some other line of decisions.'" *Mallory*, 600 U.S. at 136.

After the Supreme Court declined to overrule *Pennsylvania Fire*, Pennsylvania courts continue to recognize jurisdiction by consent remains viable post-*Daimler*, including in nationwide FLSA collective actions. *See Thurlow v. Nat'l Inspection Servs., LLC*, No. 224-CV-01135-CCW, 2025 WL 408352, at *4 (W.D. Pa. Feb. 6, 2025) ("general personal jurisdiction exists over NIS because it is registered as a foreign corporation in Pennsylvania, and therefore has consented to general personal jurisdiction"); *see also Camber Spine Techs. v. Intermed Resources TN, LLC*, No. 22-3648, 2023 WL 5182597, at *4 (E.D. Pa. Aug. 11, 2023) (While the Supreme Court recognizes in *Diamler* the paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business, "an additional avenue for personal jurisdiction exists where a defendant has consented to suit, which can occur by a defendant registering to do business in that state.")

Neither *Daimler* nor *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017), alters this rule. Indeed, both address constitutional limits **absent** consent and do not foreclose registration-based jurisdiction. *Daimler*, 571 U.S. at 129; *BNSF*, 581 U.S. at 415. As such, Pennsylvania has personal jurisdiction over Audubon and Walker does not need to provide evidence regarding "the extent of the business conducted by Audubon in Canonsburg." Dkt. No. 46 at 2. Further, the "Court has general personal jurisdiction over [Audubon] because [Audubon] is a Pennsylvania-registered company. And because the Court has general personal jurisdiction, it does not need to exercise specific personal jurisdiction over [Audubon]." *Thurlow*, 2025 WL 408352, at *6 (internal citation omitted).

2.      **SECTION 5301 DOESN'T VIOLATE THE DORMANT COMMERCE CLAUSE.**

Audubon relies on Justice Alito's *Mallory* concurrence to claim Section 5301 violates the Commerce Clause. *Mallory*, 600 U.S. at 157. However, Alito explicitly acknowledged that issue was not before the Court,[1] and no court in Pennsylvania or the Third Circuit has held Section 5301 unconstitutional under the Dormant Commerce Clause since *Mallory*.

3.      **WALKER PROVIDED COMPETENT EVIDENCE.**

Audubon's entire motion to dismiss rests on the assertion Walker did not work in Pennsylvania. *See* Dkt. No. 14 at 3 ("Plaintiff never worked in nor was he based in Pennsylvania"); *see also* Dkt. No. 14-1, Wellons Declaration ¶ 12. Walker alleged he was employed in Pennsylvania in his Complaint. Dkt. No. 1 at ¶ 2. That factual allegation must be taken as true and construed in the light most favorable to Walker. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Nonetheless, Walker went a step further and provided: (1) project-by-project assignments in Pennsylvania, (2) daily contemporaneous reports sent to his supervisor in Pennsylvania, (3) GPS-stamped photographs of job sites in Pennsylvania, and (4) communications with Audubon supervisors based in Pennsylvania.

---

[1] *Mallory*, 600 U.S. at 163.

*See* ECF No. 31-4, Walker Declaration ¶¶ 4-21 and Exs. A-K. Further, this evidence is independently corroborated by his supervisor, Bob Bishop's LinkedIn, where he identifies himself as a "Chief Inspector at Audubon Companies[,] Greater Pittsburgh Region." *See* Dkt. No. 31-5.

Audubon now admits Walker **worked in Pennsylvania** and Ohio under the supervision of Audubon's Chief Inspector for the Greater Pittsburgh Region, Bob Bishop. *See* Dkt. No. 46, Ex. 1, Declaration of Jansy Sonny ¶¶ 9-10, 14, 15, 17, and 19-20. And while Walker[2] applied for unemployment in Ohio, the State of Ohio sent a letter regarding Walker's request for unemployment to Audubon's office in Canonsburg, PA because it was listed as an "Interested Party." *See* Dkt No. 46, Ex. 1, Sonny Decl. This confirms relevant witnesses, decision makers, and data are all in Pennsylvania.

Despite all this, Audubon persists in claiming Walker (1) did not offer "competent evidence," (2) is misleading this Court; and (3) and is "asking the Court to trust [Walker and his counsel] and their unsubstantiated allegations" and "self-serving declarations" when Audubon was caught lying. Regardless, it is indisputable Audubon consented to general jurisdiction by registering to do business in Pennsylvania. *See Mallory*, 600 U.S. at 134; *Pennsylvania Fire*, 243 U.S at 94.

4.    **WALKER IS COVERED BY THE PMWA AND WPCL.**

Walker alleged plausible claims under the PMWA and WPCL. Courts apply a multi-factor test—including employer's headquarters, physical presence, contact with a Pennsylvania employer, residence, and ability to sue elsewhere—to determine whether an employee is "based" in Pennsylvania. *See McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 632 (E.D. Pa. 2009). Here, Walker demonstrated his physical presence working in Pennsylvania, project assignments, direction and supervision by Pennsylvania-based Audubon personnel, and receipt of critical business mail at Audubon's Pennsylvania office (which is corroborated by Audubon). *See* Dkt. No. 31-4, Walker Decl. ¶¶ 4-21 and Exs. A-K.; Dkt. No. 31-5; Dkt. No. 46, Ex. 1, Sonny Decl. ¶¶ 9-10, 14, 15, 17, and 19-20.

---

[2] Walker is a resident of North Carolina, not Ohio.

3

Courts acknowledge a "Plaintiff's residence and citizenship alone do not defeat his claim under the WPCL," and that, "something less than full-time in-state employment can trigger the WPCL protections." *Eastland v. du Pont*, No. CIV. A. 96-2312, 1996 WL 421940, at \*5 (E.D. Pa. July 23, 1996); *see also Friedrich v. U.S. Computer Systems, Inc.*, 1996 WL 32888, \*8-9 (E.D. Pa. Jan. 22, 1996) ("Plaintiff need not be a resident of Pennsylvania to successfully establish this connection."). In cases Audubon cites, the employee was not physically present and working in Pennsylvania. *See Chouinard v. Perfection Snacks*, No. CV 22-3276, 2023 WL 4980939, at \*2–3 (E.D. Pa. Aug. 3, 2023); *Matthews v. BioTelemtry, Inc.*, No. CV 18-561, 2018 WL 3648228, at \*3 (E.D. Pa. July 31, 2018). That's not true here. *See* Dkt. No. 31*,* Ex. 4, Walker Decl. ¶¶ 5, 7-8, 11-16, 18 and Ex. A-K; *see also* Dkt. No. 46 at 5; Dkt. No. 46, Ex. 1, Sonny Decl. at ¶ 14.

Walker has provided sufficient evidence to survive a Rule 12(b)(6) motion in that Walker has provided enough facts to raise a reasonable expectation that discovery will reveal evidence that Walker was based in Pennsylvania. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### 5.    WALKER ALLEGED A CONTRACTUAL OBLIGATION UNDER WPCL

Walker alleged a "contractual" basis for his WPCL claims. Offer letters and employee handbooks, particularly when acknowledged by e-signature and acted upon by continued employment, may constitute enforceable employment contracts under the WPCL. *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 939–41 (Pa. Super. Ct. 2011), aff'd, 106 A.3d 656 (Pa. 2014); *see also Bauer v. Pottsville Area Emergency Med. Servs., Inc.*, 758 A.2d 1265 (Pa. Super. Ct. 2000). At this stage of the litigation, a complaint must contain "factual content that allows court to draw reasonable inference that defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, in considering a motion to dismiss, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." *Eastland*, 1996 WL 421940, at \*1. Reasonable inferences can be

4

made from Walker's Complaint that as an employee for Audubon he was operating under an agreement. *See* Dkt. No. 1 at ¶¶ 2, 6, 33-35, 43, 47, 48, 51, 53, 57-58, 60, 65-66, 73-75, 87-90, 99-102, 105, 114-116. At this stage, factual development through discovery is warranted if any genuine dispute remains and courts have found that dismissing the WCPL would be inappropriate at this time. *Eastland*, 1996 WL 421940, at *5.

6.    **VENUE TRANSFER IS NOT WARRANTED.**

Defendants have not met their heavy burden under 28 U.S.C. § 1404(a) to justify transfer. The bulk of operative facts—including work performed, Pennsylvania-based supervision, and application of Pennsylvania wage law—occurred in this District. Venue is proper where the work was performed, and Audubon fails to show private or public interest factors strongly favor transfer over Plaintiff's chosen forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Though not an exhaustive list, Walker provided several examples of why venue is appropriate here, including the fact Walker's work occurred in Pennsylvania (something now Audubon admits to), witnesses are present or subject to process here, and Pennsylvania has a robust local interest in enforcement of its wage laws for work performed in the state. No Audubon witness has shown they would be unavailable or inconvenienced beyond ordinary litigation demands.

7.    **AUDUBON'S REQUESTED ALTERNATIVE RELIEF IS NOT APPROPRIATE AT THIS TIME.**

Should the Court find any jurisdictional fact genuinely disputed, Plaintiff respectfully requests limited written jurisdictional discovery, before any dispositive ruling. Depositions are inappropriate when documentation of projects, supervision, and employment agreements would resolve the issues. In the alternative, leave should be granted to amend the pleadings if necessary.

8.  **CONCLUSION.**

Walker respectfully requests the Court deny Audubon's Motion for Dismiss and Motion to Transfer.

5

Respectfully submitted,

By: /s/ *Andrew W. Dunlap*

**Michael A. Josephson**
PA Bar No. 308410
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber***
Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Richard J. (Rex) Burch***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
710-877-8065 – Facsimile
rburch@brucknerburch.com

**Joshua P. Geist**
PA ID No. 85745
**William F. Goodrich**
PA ID No. 30235
**GOODRICH & GEIST**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**\*** *Pro hac vice applications forthcoming*

**ATTORNEYS FOR WALKER
AND THE DAY RATE WORKERS**

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on October 14, 2025.

/s/ *Andrew W. Dunlap*
**Andrew W. Dunlap**

7