IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WALKER, Individually and For Others Similarly Situated, | ) ) ) | Civil Action No. 2:25-CV-00764-MPK |
| | ) | Magistrate Judge Maureen P. Kelly |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUDUBON COMPANIES, LLC, AUDUBON FIELD SOLUTIONS, LLC, AND AUDUBON ENGINEERING COMPANY, L.P., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY BRIEF AND IN FURTHER SUPPORT OF THEIR RULE 12(B)(2) AND RULE 12(B)(6) MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

## I.    Audubon is not subject to personal jurisdiction in Pennsylvania.

Plaintiff concedes that no court in Pennsylvania or the Third Circuit has upheld Pennsylvania's consent-by-registration statute - 42 PA. CONS. STAT. § 5301 – under the Dormant Commercce Clause [ECF 53, p. 4-5].  In *Mallory v. Norfolk Southern Ry.*, Justice Alito pointedly advocated that Section 5301 would be unconstitutional and violate the Dormant Commerce Clause because the "practical effect" of Section 5301 is to disadvantage and discriminate against out-of-state companies such as Defendants to the benefit of in-state competitors "by forcing [Defendants] to increase their exposure to suits on all claims in order to access Pennsylvania's market while Pennsylvania companies generally face no reciprocal burden for expanding operations into another State."  600 U.S. at 161 at n. 7.

Plaintiff conveniently attempts to sidestep Justice Alito's analysis of Section 5301 in *Mallory* and uses Pennsylvania's consent-by-registration statute as an excuse for why he "does not need to provide evidence regarding 'the extent of the business conducted by Audubon in

1

Canonsburg'" and in Pennsylvania as a whole [ECF 53, p. 4-5]. Plaintiff's failure to provide competent evidence to show the extent that Audubon was conducting business in Pennsylvania warrants dismissal of the Complaint for lack of personal jurisdiction.

**II.      Plaintiff did not provide competent evidence that he worked in Pennsylvania.**

Once a defendant challenges personal jurisdiction, the Court is not required to accept the allegations of the pleadings as true, and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortenson v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1976). A plaintiff must move beyond bare pleadings and ***present competent evidence*** that jurisdiction is proper (emphasis added). *Taylor v. Creditel Corp.*, 2004 U.S. Dist. LEXIS 25149 at *4 (E.D. Pa. Dec. 13, 2004).

Defendants have provided substantial and competent evidence to support its position that personal jurisdiction does not exist over Plaintiff's claims [ECF 14, 14-1, 46, 46-1,46-2]. Since Plaintiff unsuccessfully tried to strike the supplemental declaration of Dan Wellons [ECF 46-2], Plaintiff has utterly failed to contradict or show that Defendants' evidence is flawed.

Rather than raising additional legal arguments or providing competent evidence in support of his allegations that he worked in Pennsylvania and that this Court has personal jurisdiction in his sur-reply, Plaintiff merely rehashes the foundationless "evidence" that was previously provided [ECF 53, p. 5-6], none of which can be considered competent evidence required to show that personal jurisdiction exists, which warrants the dismissal of Plaintiff's Complaint.

**III.      Plaintiff is not covered by the PMWA and the WPCL.**

Three of the five factors considered in determining whether an employee is covered by the PMWA and WPCL clearly favor Defendants. Specifically, Audubon is headquartered in Metairie,

Louisiana [ECF 1, ¶¶ 25, 27, 29); Plaintiff is not a resident of Pennsylvania [ECF 1-1, p. 1], and Plaintiff can bring his lawsuit in another forum [ECF 14, p. 32–33].

In regard to the other two factors, "employees physical presence working in Pennsylvania," and "extent of employees contact with Pennsylvania employer," Plaintiff has failed to show that he was "based" in Pennsylvania. Plaintiff merely reaffirms his allegation that he only worked on three projects in Pennsylvania and notably fails to allege or establish how long he was physically located in Pennsylvania. Interestingly, Plaintiff's Sur-Reply confirms that when he applied for unemployment benefits, he applied in Ohio—not Pennsylvania [ECF 53, p. 6]. Therefore, not even Plaintiff believed he was actually "based" out of Pennsylvania.

Finally, Plaintiff fails to cite any authority that supports his allegations that one-off projects is enough to trigger coverage under the PMWA or WPCL, especially when every other factor weighs in favor of Defendants. In contrast, the cases relied on by Defendnats clearly support a finding that Plaintiff is not covered by the PMWA or WPCL. *See Matthews v. Biotelemetry.*, 2018 U.S. Dist. LEXIS 12844 at *8-9 (E.D. Pa. July 21, 2018) (WPCL did not apply to non-resident employee even though employer was based in Pennsylvania, he was subject to employment agreement with Pennsylvania governing law, supervised by individuals in Pennsylvania, and emailed employees in Pennsylvania); *Tucci v. Cp Kelco Aps*, No. 02-1765, 2002 U.S. Dist. LEXIS 19232, at *5 (E.D. Pa. Oct. 10, 2002) (WPCL did not apply to Pennsylvania resident who occasionally worked from home in Pennsylvania but was employed by a Delaware corporation and usually worked in Delaware subject to an employment agreement with Delaware choice of law provision.)

**IV.    Plaintiff still has not alleged facts supporting the existence of a contract entitling him to allegedly unpaid overtime, as required to state a claim under WPCL.**

Despite multiple opportunities to do so, Plaintiff fails for a second time to address the fact that he has not and cannot establish a contract obligation on the part of Audubon to pay allegedly unpaid overtime. Rather, Plaintiff, relying on *Braun v. Wal-Mart Stores, Inc.*, 2011 PA Super 121, 24 A. 3d 875, 954 (Pa. Super. Ct. 2011), alleges that "offer letters and employee handbooks" ***may*** constitute enforceable employment contracts [ECF 53, p. 4], *Braun* is applicable here. While the *Braun* Court did find that Wal-Mart's obligated itself to pay employees under the terms of its employee handbook, Wal-Mart's handbook specifically required the very thing the plaintiff-employees sued for under the WPCL—compensated mandatory 15-minute breaks. *Braun*, 24 A.3d at 959.

In contrast to *Braun*, Plaintiff has not identified any provision of any handbook or offer letter that obligates Defendants to specifically pay Plaintiff (or "Day Rate Workers") the amounts sought in this lawsuit, namely "earned overtime wages on their regular paydays and/or following the termination of their employment." [ECF 1, ¶10]. Indeed, the offer letters reflect that Plaintiff was exempt and, consequently, Audubon agreed *not* to pay Plaintiff overtime.  The mere existence of a handbook or offer letter does not create binding employment contract under the WPCL, especially when they are silent as to the types of wages Plaintiff claims he is owed.

**V.    Venue transfer is warranted.**

An FLSA claim is considered to have arisen either where the challenged policies were effectuated or where the employer would have determined and maintained the challenged policies and practices. *Stewart v. First Student, Inc.*, 639 F. Supp. 3d 492, 499 (E.D. Pa. 2022). Defendants' challenged policies were effectuated in multiple states – not just Pennsylvania, whereas, Defendants' challenged policies were developed and maintained in Metairie, Louisiana and

Houston, Texas. None of the challenged policies and practices were determined or maintained in Pennsylvania.

Plaintiff concludes that witnesses are present in Pennsylvania but fails to identify which witness(es) present in Pennsylvania would have any information or knowledge regarding Defendants' challenged policies and procedures. Even Plaintiff himself is not present in Pennsylvania. The fact is all witnesses with information regarding Defendants' pay practices are located in Metairie, Louisiana or Houston, Texas. Requiring individuals with relevant personal knowledge of the facts of this case, specifically Defendants' pay policies and procedures, to travel to Pennsylvania for depositions or trial because Plaintiff may or may not have worked here a couple of times is inefficient and burdensome. Transfer is appropriate.

## VI.    Jurisdictional discovery

Defendants do not object to jurisdictional discovery, including depositions, if it will assist this Court in deciding these issues.

## CONCLUSION

For the reasons stated herein, in its Motion to Dismiss and accompanying Memorandum of Law in support, and in its Reply in support of its Motion to Dismiss and accompanying Memorandum of Law in support, Defendants respectfully request that this Court dismiss the putative claims over non-Pennsylvania collective members for lack of personal jurisdiction. Defendants further request that the Court dismiss Plaintiff's PMWA and WPCL claims for failure to state a claim upon which relief can be granted.  Furthermore, Defendants request that the Court transfer this case to the District Court for the Southern District of Texas, Houston Division, or, alternatively, to the Eastern District of Louisiana, New Orleans Division, as such transfer would best serve the convenience of the parties and witnesses and the interest of justice.

5

Date: October 28, 2025                    Respectfully submitted,


**JACKSON LEWIS P.C.**

*/s/ Charles H. Wilson*
Charles H. Wilson
717 Texas Avenue, Suite 1700
Houston, TX 77002
Telephone: (832) 900-5519
Charles.Wilson@jacksonlewis.com

Katelyn O'Connor (PA 308922)
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 338-5152
Facsimile: (215) 399-2249
Katie.O'Connor@jacksonlewis.com

Alexander S. Dahle
150 N. Michigan Ave., Suite 2500
Chicago, IL 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995
Alexander.Dahle@Jacksonlewis.com

Claire R. Pitre (pro hac vice)
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (4504) 380-3927
Claire.Pitre@jacksonlewis.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of *Defendants' Response to Plaintiff's Sur-Reply Brief and In Further Support of Their Rule 12(B)(2) and Rule 12(B)(6) Motion to Dismiss and Motion to Transfer Venue* has been served upon the parties listed below on October 28, 2025, via electronic service and via electronic mail:

Mr. Michael A. Josephson
Mr. Andrew W. Dunlap
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Email: mjosephson@mybackwages.com
Email: adunlap@mybackwages.com

*Attorneys for Plaintiff*

/s/ *Charles H. Wilson*
Charles H. Wilson